[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Patricia Kalinowski, filed this action against the defendant, Jonathan Zuckerman, on July 15, 1998, alleging negligent physical assault, wanton, wilful and malicious assault and lost income as a result of her injuries. The defendant filed counterclaims against the plaintiff for failure to pay the balance due on a contract as well as for theft of services pursuant to General Statutes § 53a-119 (7). This case was tried to the court on November 6 and 7, 2001. Based on the testimony and the evidence admitted at trial, the court finds the following facts. The plaintiff is in the business of conducting craft fairs throughout the northeast. The defendant is an employee and officer of the First River Road Corporation, d/b/a Pinecrest Country Club (Pinecrest) located at 75 River Road, Shelton, Connecticut. Pinecrest is a banquet facility and has grounds for picnics, outings and fairs.
The plaintiff entered into an agreement with the defendant to conduct a craft fair at Pinecrest on June 23, 1996. The consideration for the rental of the premises was $2000.00. of this fee, the plaintiff paid a deposit in the amount of $500.00 leaving a balance of $1500.00, which was due and payable five days prior to the fair. To date, the plaintiff has not paid the balance due.
The plaintiff collected a fee of $75.00 from each of those crafters displaying their wares at the fair. The plaintiff testified that seventy-five crafters appeared at the fair and that she collected $5625.00 in fees.
The plaintiff visited the site of the fair two weeks prior to its date and at that time she noted several problems with the site, such as debris that needed to be removed and the grass that needed to be mowed. The defendant promised to remedy these problems, but as of the plaintiff's arrival at the site on the morning of the fair, had not done so. The plaintiff decided to go ahead with the fair anyway. Two crafters decided not to stay and the plaintiff gave them each a credit for the $75.00 fee CT Page 11442 paid.
The defendant was not present at the site the morning of the fair, but arrived later in the day. Upon his arrival, he questioned the plaintiff's husband about payment of the balance due on the contract. When the plaintiff's husband indicated that he did not have a copy of the contract, the defendant gave his copy to the plaintiff's husband.
The fair was not well attended and in the early afternoon, some of the crafters started to leave. The plaintiff, noting the exodus of crafters, left the area to retrieve signs advertising the fair that were posted in the vicinity. The defendant got into his car and went looking for the plaintiff and her husband. He located the plaintiff's van parked by the side of the road about a mile south of the fair. The plaintiff was standing by the passenger side of the van when the defendant approached. The defendant demanded that the plaintiff pay him the balance due under the contract. She responded that she was going to pay, but stated that the defendant demanded immediate payment and pushed her, however, she acknowledged that she suffered no injuries therefrom. The plaintiff's husband then called for the plaintiff to get in the driver's side of the van, so she proceeded around the rear of the vehicle. As she came around she found the defendant hanging out the driver's side window.
The plaintiff's husband was sitting in the driver's seat and the plaintiff's daughter was sitting between the two front seats. The defendant had reached into the van in an attempt to secure the ignition key so that the plaintiff could not leave. When he did this the plaintiff's husband grabbed his arm, jerkin it back toward himself and biting it. The plaintiff's husband and their daughter allege that the defendant was choking him. The court gives little credence to this allegation because the defendant had only one arm inside the vehicle. The court believes that what the young girl saw was her father pulling the defendant's arm back toward his face.
When the plaintiff heard her daughter scream and saw the defendant hanging out the window, she jumped on the defendant's back and attempted to pull him out of the vehicle. First, she began pulling on his pants pockets. Unable to pull him out of the window, she then took either a pen or pencil from behind the defendant's ear and began stabbing him on the back and arm with the instrument. The defendant turned, shaking the plaintiff from his back. The plaintiff alleges that at this point the defendant whirled around and kicked her, and caused her to fall to the ground and fracture her elbow. The defendant's testimony was that he turned to kick her, lost his balance and slid. The court is of the opinion that the defendant's version of the fall is more credible because CT Page 11443 the defendant, in order to kick the plaintiff, would have had to perform a very difficult and unlikely maneuver, while hanging out the driver's side window.
It was at this point that the plaintiff's husband drove off, leaving the plaintiff upset and sitting on the ground. He returned after the police arrived on the scene. The altercation ended with the plaintiff going to St. Vincent's Hospital to seek medical treatment.
In a civil action, the party bringing the action has the burden of proof by a preponderance of the evidence, that is, the burden of inducing in the mind of the trier a reasonable belief that it is more probable than otherwise that the fact or issue in dispute is true. Cruz v. Drezek, 175 Conn. 230, 235-36 (1978) The court has reviewed the pleadings, the testimony of the witnesses and the exhibits, and based upon all of that, finds that the plaintiff has failed to sustain her burden of proving the allegations contained in the complaint. The plaintiff has failed to show by a fair preponderance of the evidence that the defendant was negligent in the actions he took against her or that his conduct was wanton, wilful or malicious. Moreover, the plaintiff has failed to offer sufficient evidence to support her claims of injury and lost wages. Accordingly, judgment may enter for the defendant.
As to the defendant's counterclaims, the court finds that the defendant is not entitled to recover for theft of services pursuant to General Statutes § 53a-119 (7). The defendant is entitled to recover, however, the balance due on his contract with the plaintiff. The defendant, therefore may recover $1500.00, less the $150.00 that the plaintiff refunded to the crafters that left the fair, for a total of $1350.00.
Judgment may enter in accordance with the above.
THE COURT
__________________ Curran, J. CT Page 11444